BEFORE THE THIRD DIVISION, JUNE 29, 1954

No. 58229.—Pacific Customs Brokerage Company v. United States, protest 200894 (Portland, Maine).

JOHNSON, Judge: This case involves the duty assessed by the collector upon an American-built international truck chassis with cab attached, which had been shipped to Canada in order that a special body adaptable for use in the lumber business might be attached thereto. The chassis was entered as free of duty under paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, as American goods shipped abroad and returned to the United States, without having been advanced in value or improved in condition. The collector at the port of Portland, Maine, assessed duty upon the American-made chassis and the Canadian body attached thereto as an entirety at 12½ per centum ad valorem under paragraph 369 of the Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, T. D. 51802. The plaintiff claims that the chassis should have been admitted without the payment of duty under subsection (g) of paragraph 1615 as articles shipped abroad for repairs. As pointed out by counsel for the Government, the brandnew truck chassis was not exported for the purpose of repairs. When the importer has selected the right paragraph, although confining the claim to the wrong clause in the paragraph, the courts have held that the protest was sufficiently specific to apprise the collector of what the importer was claiming. *Leerburger* v. *United States*, 155 Fed. Rep. 146, T. D. 28262.

At the trial, Ralph A. Burke testified that he owns the Aroostook Equipment Co., the ultimate consignee of the merchandise; that, in 1952, he purchased a 1952 truck chassis and cab; and that he had it driven to Canada, to have a body placed upon it by the Meed Machine Co., which was the nearest place he could take the truck for such purpose. The witness described the body as having a flat surface, which was attached to the sills of the truck by six bolts; that such body may be removed in about a half hour with the use of plain wrenches; and that, after having the body attached, he had the truck driven back to the United States. The witness further testified that, before he had the truck driven to Canada for the body, he inquired of customs officials how duty would be assessed and was informed that it would be taken on the body, but not on the truck.

The change in the practice of assessing duty upon articles of American manufacture which had been sent to foreign countries for the attachment of foreign articles thereto arose by reason of the publication of a Bureau of Customs de-

cision, T. D. 52191, revoking a former Bureau of Customs decision, T. D. 51193, which followed the principle announced by the courts, as set out in *Denike* v. *United States*, 5 Ct. Cust. Appls. 364, T. D. 34553.

This court in the case of *C. J. Tower & Sons* v. *United States*, 33 Cust. Ct. 14, C. D. 1628, decided concurrently herewith, had an identical situation before it relative to the exportation of American marine engines for installation as inboard motors in Canadian-built boats. Duty was there assessed upon the engines as entireties with the boats. In that case, this court reviewed the law and regulations as to the practice of the customs bureau in issuing rulings having the effect of overruling principles announced by the courts in interpreting the tariff laws.

Following our decision in the *Tower* case, *supra*, we hold that the American-made international truck chassis driven to Canada for the purpose of having attached thereto a Canadian body is entitled to free entry under the provisions of paragraph 1615, as amended, *supra*, as American goods returned, without having been advanced in value or improved in condition. Judgment will, therefore, be entered in favor of the plaintiff directing the collector to reliquidate the entry and refund all duties taken upon such chassis.